IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSANN WILLIAMS, et al.,

    Plaintiffs,

v.                                             Civil No. 03-1195 WJ/ACT

W.D. SPORTS N.M., INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANT LEVINE'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss Defendant Levine [Docket No. 6]. Having reviewed the submissions of the parties and the relevant law, I find the motion is well taken in part and will be granted in part.

## BACKGROUND

Plaintiffs filed a Complaint alleging the various defendants violated 42 U.S.C. § 1981, various provisions of Title VII, the Americans with Disabilities Act, the Equal Pay Act, and various provisions of state law including the New Mexico Human Rights Act.[1] With regard to Defendant Levine, the Complaint alleges that Plaintiff Moira Daly, then comptroller of W.D. Sports N.M., Inc. (W.D. Sports), was discharged from employment, and Defendant Levine was hired by W.D. Sports as the comptroller, CPA and lawyer at a higher rate of pay than Plaintiff Moira Daly had received. Complaint ¶ 29. Additionally, the Complaint alleges that Defendant Levine was later promoted to Vice President of Finance and Administration. Complaint ¶ 29. The

---

[1] The Complaint was originally filed in state court on September 12, 2003 and was removed to this Court on October 15, 2003.

Complaint states that, at the time Daly was discharged, W.D. Sports had already hired Defendant Levine, a man, to fill her position at a much higher rate of pay. Complaint ¶ 155. The Complaint finally states with regard to Defendant Levine specifically that Plaintiff Marquart repeatedly complained about workplace abuses to Defendant Levine and another Defendant to no avail. Many of Plaintiffs' claims are asserted against "Defendants" without differentiating among the six defendants. See Complaint Counts I, IV, VII, IX, X, XII, XIII, XIV, XVI, XVII, XXIII, XIV, XXV, XXVI.

Plaintiffs' factual chronology contained in ¶¶ 33 through 205 of the Complaint show that Defendant Levine did not begin working for W.D. Sports until all but one plaintiff, Plaintiff Marquart, had left the organization. Defendant Levine files the instant motion seeking dismissal of all claims against him pursuant to Fed. R. Civ. P. 12(b)(6).

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiffs. Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

**DISCUSSION**

When Defendant Levine began working for the corporate defendant, the only Plaintiff working there was Plaintiff Marquart. All the other Plaintiffs had left their employment with the

organization. Plaintiffs assert that Defendant Levine is important to this case with regard to many of Plaintiff Daly's claims because he was hired to replace her. While this may be true, it does not make him a proper defendant with regard to those claims. It merely suggests that Plaintiffs may wish to introduce evidence concerning Defendant Levine's employment with regard to those claims. Thus, Defendant Levine is entitled to dismissal of all claims by any Plaintiff other than Plaintiff Marquart.

Title VII applies only to employers and does not provide for individual liability. See Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994) (citing Sauers v. Salt Lake City., 1 F.3d 1122, 1127 (10th Cir. 1993)). Plaintiff does not dispute this. Accordingly, Defendant Levine is entitled to dismissal of all claims made pursuant to Title VII.

The only remaining claims conceivably stated against Defendant Levine are those made by Plaintiff Marquart pursuant to the New Mexico Human Rights Act. While the factual allegations specific to Defendant Levine are minimal, they are sufficient to put him on notice of what the Plaintiffs' claims are and the grounds upon which they rest. See Conley v. Gibson, 355 U.S. 41, 47 (1957) (interpreting the pleading requirements of Fed. R. Civ. P. 8). The Supreme Court has emphasized that the requirements at the pleading stage are de minimus. See Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002) (a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998) (the court must presume that the general allegations in the complaint encompass the specific facts necessary to support those allegations). I find that Plaintiffs have met the minimal pleading standard to put Defendant

Levine on notice of the claims against him under the New Mexico Human Rights Act. Thus, Defendant Levine is not entitled to dismissal of these claims pursuant to Rule 12(b)(6).

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Defendant Levine [Docket No. 6] is hereby GRANTED IN PART in that all claims against him by Plaintiffs other than Plaintiff Marquart and all claims attempted to be brought against him pursuant to Title VII are hereby DISMISSED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Defendant Levine [Docket No. 6] is hereby DENIED IN PART to the extent Plaintiff Marquart asserts claims against Defendant Levine under the New Mexico Human Rights Act.

_____
UNITED STATES DISTRICT JUDGE