IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSANN WILLIAMS, et al.,

    Plaintiffs,

v.                                                                                          Civil No. 03-1195 WJ/ACT

W.D. SPORTS N.M., INC., et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND**
**ORDERING DEFENDANT TO PAY COSTS AND FEES**

THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Entry of Default Judgment Against Defendant Tyler Boucher [Docket No. 23]. Having reviewed the submissions of the parties and the record and being otherwise fully advised, I find that default judgment should not be entered in this case and that the clerk's entry of default shall be set aside. However, I find that Defendant Boucher unnecessarily increased the time and expense to effect proper service and obtain his participation in this case. Thus, I will order Defendant Boucher to pay Plaintiff's costs in effecting service.

Defendant Boucher lives in Las Vegas, Nevada. Plaintiffs initially attempted to obtain a waiver of service from Defendant Boucher by certified mail in accordance with Fed. R. Civ. P. 4(d) on September 12, 2003. After the postal service attempted to deliver the package three times without success, the package was returned to Plaintiffs' counsel. Plaintiffs then hired a process server in Nevada.

The process server's first attempt to serve Defendant Boucher at his home was unsuccessful. A woman answered the door, refused to identify herself, and claimed that Mr. Boucher resided elsewhere. The process server then ran computer searches for Mr. Boucher and his wife, Darci Boucher. This search revealed that the Bouchers lived at the address originally visited by the process server. The search also revealed that the woman who answered the door on the first visit fit the description of Darci Boucher.

The process server then dispatched a different person to the same house. The same woman matching the description of Darci Boucher answered the door. The process server greeted the woman saying, "Hi, Darcy, is Tyler home?" The woman replied that Tyler was not there. The woman did not deny being Darcy and did not ask who Tyler was. The process server said he could leave the papers with her, and the woman told him no and that he'd have to come back later. The process server then dropped the papers on the front porch in the presence of the woman.

Mr. Boucher did not file an Answer or otherwise defend within the time limits provided in the Federal Rules of Civil Procedure. Plaintiff then filed the proper documents along with a request for an entry of default and the instant motion for default judgment. Subsequently, Mr. Boucher did file an Answer. The clerk has not entered default with regard to Defendant Boucher.

In defending this motion, counsel for Mr. Boucher first argues that Plaintiff has failed to show proper service because Plaintiff cannot prove that the address at which papers were left is Mr. Boucher's usual place of abode, cannot prove that the woman who answered the door resides therein, and cannot show that dropping the papers on the porch satisfied the requirement that the papers be left with someone.

I find that Plaintiff has satisfactorily proved that service of Defendant Boucher was properly effected.  I also find that Defendant Boucher attempted to evade service.  At this time, Mr. Boucher has filed an Answer.  Given the preference for resolving claims on the merits, <u>Walker v. United Parcel Service, Inc.</u>, 240 F.3d 1268, 1273 (10th Cir. 2001), I find that it will not serve justice to enter default judgment against Defendant Boucher.  However, Mr. Boucher's conduct cannot be rewarded.  Therefore, I will impose on Defendant Boucher the costs incurred by Plaintiff in effecting service on him.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default Judgment Against Defendant Tyler Boucher [Docket No. 23] is DENIED.

IT IS FURTHER ORDERED that Defendant shall pay Plaintiff's costs in effecting service on him.  Plaintiff shall submit an itemized cost bill to this Court within fourteen days of the filing of this Memorandum Opinion and Order.  Defendant Boucher may file any objections to Plaintiff's requested costs within fourteen days of the filing of Plaintiff's request.

_____
UNITED STATES DISTRICT JUDGE