IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSANN WILLIAMS, et al.,

    Plaintiffs,

v.                                                     Civil No. 03-1195 WJ/ACT

W.D. SPORTS N.M., INC., et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss [Docket No. 20]. Having reviewed the submissions of the parties and being fully advised on the law, I find the motion is well taken in part and will be granted in part and will otherwise be denied.

**BACKGROUND**

Plaintiffs filed a Complaint alleging the various defendants violated 42 U.S.C. § 1981, various provisions of Title VII, the Americans with Disabilities Act, the Equal Pay Act, and various provisions of state law including the New Mexico Human Rights Act.[1] Count I is a claim by Plaintiff Haddock against all Defendants pursuant to 42 U.S.C. § 1981. Count II is a Title VII claim by Haddock against W.D. Sports N.M., Inc. (WD Sports). Count III is a Title VII claim by Haddock against all Defendants. Counts IV and V are claims under the New Mexico Human Rights Act (NMHRA) by Haddock against all Defendants.

---

[1] The Complaint was originally filed in state court on September 12, 2003 and was removed to this Court on October 15, 2003.

Count VI is a claim by Plaintiffs Williams, Daly, Hunter and Marquart against WD Sports under Title VII.  Counts VII and VIII are claims under Title VII by these same Plaintiffs against all Defendants.  Counts IX, X and XI are claims under the NMHRA by these same Plaintiffs against all Defendants.

Count XII is a Title VII retaliation claim by all Plaintiffs against all Defendants.  Count XIII is a retaliation claim under the NMHRA by all Plaintiffs against all Defendants.  Count XIV is a NMHRA aiding and abetting claim by all Plaintiffs against all the individual Defendants.

Count XV is a claim by Plaintiff Marquart against WD Sports under the American with Disabilities Act for failure to accommodate.  Count XVI is a claim by the same Plaintiff against all Defendants under the NMHRA for failure to accommodate.

Count XVII is a claim by all Plaintiffs against all Defendants for intentional infliction of emotional distress.  Count XVIII is a claim by Plaintiffs Williams, Hunter and Marquart under the Equal Pay Act.  Counts XIX, XX and XXI are state contract claims by all Plaintiffs against WD Sports.  Count XXII is a claim for retaliatory discharge by all Plaintiffs against all Defendants.  Counts XXIII and XXIV are a false light and defamation claim by all Plaintiffs against all Defendants.  Count XXV is a civil conspiracy claim by all Plaintiffs against all Defendants.  Count XXVI is a claim for interference with business advantage by all Plaintiffs against all Defendants.

By Memorandum Opinion and Order filed December 10, 2003 [Docket No. 17], the Court dismissed all claims against Defendant Levine by any Plaintiff other than Plaintiff Marquart.  The Court also dismissed all claims against Defendant Levine brought pursuant to Title VII.

Defendants' Motion to Dismiss urges that dismissal of many claims is appropriate pursuant to Fed. R. Civ. P. 12(b)(1) for Plaintiffs' failure to exhaust with regard to certain claims and certain Defendants. Plaintiff urges that the exhaustion requirement of Title VII and the NMHRA are not jurisdictional but addresses Defendants' arguments for dismissal for failure to exhaust on the merits.

Defendants' Motion to Dismiss also urges that certain of Plaintiffs' claims are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**LEGAL STANDARD**

Defendants argue that exhaustion under Title VII and under the New Mexico Human Rights Act (NMHRA) is a jurisdictional requirement. Thus Defendants contend that their motion to dismiss for failure to exhaust is properly brought pursuant to Rule 12(b)(1) and the Court may consider matters outside the pleadings without converting the motion to one for summary judgment under Fed. R. Civ. P. 56. Administrative exhaustion is a jurisdictional requirement under the NMHRA. Mitchell-Carr v. McLendon, 980 P.2d 65, 71 (N.M. 1999). Thus, Defendants' motion with regard to exhaustion of the NMHRA claims are properly analyzed pursuant to Fed. R. Civ. P. 12(b)(1).

Pursuant to Rule 12(b)(1), a party may go beyond the allegations contained in the complaint and challenge the facts upon which jurisdiction depends. Sizova v. National Institute of Standards & Technology, 282 F3d 1320, 1324-25 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). A Rule 12(b) motion to dismiss can challenge the substance of the complaint's jurisdictional allegation in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court. Sizova, 282 F.3d at 1324-25; New

Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495 (10th Cir. 1995).  A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b).  In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.  Sizova, 282 F.3d 1324-25; Holt, 46 F.3d at 1003.

While exhaustion is a jurisdictional prerequisite to actions brought under the NMHRA, it is not a jurisdictional requirement of Title VII.  National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 121 (2002).  The Tenth Circuit has made clear that Rule 12(b)(1) is only appropriate for jurisdictional issues and does not apply to nonjurisdictional issues such as exhaustion.  See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209 (10th Cir. 2003).  Thus, Defendants' motion with regard to exhaustion of Title VII claims is not appropriately analyzed under Fed. R. Civ. P. 12(b)(1).

In this case, the Court must look at matters outside the pleadings in order to determine whether Plaintiffs have exhausted their administrative remedies with regard to their Title VII claims against various Defendants.  In accordance with Fed. R. Civ. P. 12(b), Defendants' Motion to Dismiss must be converted to a motion for summary judgment to the extent it seeks dismissal of Title VII claims on the basis of exhaustion.  Plaintiffs pointed out that Defendants' Title VII exhaustion argument was not jurisdictional, proceeded to address Defendants' arguments on the merits, and provided evidence to support their argument that particular claims against certain defendants had been exhausted.  Thus Plaintiffs have had a reasonable opportunity to present all material pertinent to a motion for summary judgment under Fed. R. Civ. P. 56.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Worrell v. Henry, 219 F.3d

1197, 1204 (10th Cir. 2000).  In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  Jeffries v. State of Kansas, 147 F.3d 1220, 1228 (10th Cir. 1998).  In making this determination, the Court must construe all the facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party.  Worrell, 219 F.3d at 1204; Jeffries, 147 F.3d at 1228.

In addition to their argument that Plaintiffs have failed to exhaust administrative remedies, Defendants contend that, with regard to certain Counts of Plaintiffs' Complaint, Plaintiffs have failed to state a claim upon which relief can be granted.  "A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987).  When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff.  Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

**DISCUSSION**

I.  ARE DEFENDANTS ENTITLED TO DISMISSAL OF CERTAIN CLAIMS BROUGHT PURSUANT TO TITLE VII AND THE NEW MEXICO HUMAN RIGHTS ACT BECAUSE PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES WITH REGARD TO PARTICULAR CLAIMS AND VARIOUS DEFENDANTS?

Both Title VII and the NMHRA require a claimant to exhaust his or her administrative remedies before bringing an action in court. See Croy v. Cobe Laboratories, Inc., 345 F.3d 1199, 1202 (10th Cir. 2003) (to avoid summary judgment on a Title VII claim, a plaintiff must show that she filed an EEOC charge within 300 days after the alleged unlawful discrimination); Luboyeski v. Hill, 872 P.2d 353, 355 (N.M. 1994) (exhaustion of administrative remedies is a prerequisite to bringing suit under the NMHRA).

    A.     Plaintiff Roseann Williams

Defendants allege that Plaintiff Williams failed to exhaust with regard to Title VII and NMHRA claims against Defendants Frank, Levine, Dunn and Burgers because these individuals were not named as respondents in Williams' original EEOC complaint. Plaintiffs concede that Williams' claims were not exhausted with regard to Defendants Levine and Burgers. Thus, as a matter of joint agreement, any Title VII or NMHRA claims by Plaintiff Williams against Defendants Levine[2] and Burgers are dismissed. Plaintiffs argue that Plaintiff Williams amended her original EEOC charge to include Defendants Frank and Dunn. As such, Plaintiffs contend that Plaintiff Williams did exhaust her administrative remedies with regard to her Title VII and NMHRA claims against these Defendants. Plaintiffs' Exhibit 1 indicates that Williams amended her EEOC charge to include Defendants Frank and Dunn on September 12, 2002. Thus, Defendants are not entitled to a dismissal of Title VII and NMHRA claims against Frank and Dunn on the basis of a failure to exhaust administrative remedies.

---

[2]As noted, this Court already dismissed all Title VII claims against Defendant Levine and all NMHRA claims against Defendant Levine by other than Plaintiff Marquart.

Defendants argue that Plaintiff Williams failed to exhaust her administrative remedies with regard to a retaliation claim under either Title VII or the NMHRA because Williams' original EEOC complaint did not allege a claim for retaliation. Plaintiffs' Exhibit 1 indicates that Williams amended her original EEOC complaint on September 12, 2002 to include a claim for retaliation. Thus, Defendants are not entitled to dismissal of Williams' claim of retaliation on the grounds that she failed to exhaust administrative remedies with regard to this claim.

B.      Plaintiff Moira Daly

Defendants contend that Plaintiff Daly did not exhaust her administrative remedies with regard to Title VII and NMHRA claims against Defendants Levine and Burgers. Plaintiffs concede that Daly's claims were not exhausted with regard to these Defendants. Plaintiffs seek leave of Court to remedy the failure to name Defendant Burgers on the face of her EEOC charge, but provides no information to the Court on how such a failure might be remedied. The Court will therefore decline to grant such leave, and any Title VII or NMHRA claims by Plaintiff Daly against Defendants Levine[3] and Burgers will be dismissed.

Defendants also argue that Plaintiff Daly did not exhaust a claim for retaliation under Title VII or the NMHRA. Plaintiffs agree that no retaliation claim was alleged by Daly in her EEOC charge. Defendants are entitled to dismissal of any retaliation claims that arose before Plaintiff Daly filed her EEOC charge based on Daly's failure to exhaust her administrative remedies with regard to such claims. See Martinez v. Potter, 347 F.3d 1208 (10th Cir. 2003).

Plaintiffs state that Daly's retaliation claim arose after the EEOC charge was filed and request an opportunity to exhaust on the retaliation she experienced after filing her EEOC charge.

---

[3]See supra note 2.

Defendants note that Plaintiff Daly's employment with WD Sports ended in the Spring of 2002, that she filed her EEOC charge in November 2002, and argue that Plaintiff Daly cannot have a retaliation claim that arose after she filed her EEOC charge.

The Tenth Circuit has recognized that Title VII's anti-retaliation provision applies to former as well as current employees. Aquilino v. Univ. of Kan., 268 F.3d 930 (10th Cir. 2001). Thus, it is conceivable that Plaintiff Daly could allege a claim for retaliation that occurred after her employment with WD Sports ended and after she filed her EEOC charge. However, in accordance with National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 121 (2002), such a claim must be exhausted before a plaintiff may seek judicial relief. Because Plaintiff Daly has not exhausted her administrative remedies with regard to any retaliation claim, Defendants are entitled to have any such claim dismissed. See Aquilino, 268 F.3d 930.

      C.     Plaintiff Maria Marquart

Defendants argue that Plaintiff Marquart's claims for retaliation under Title VII and the NMHRA must be dismissed because Plaintiff Marquart failed to exhaust her administrative remedies with regard to any retaliation claim. Plaintiffs concede that Plaintiff Marquart failed to exhaust her administrative remedies with regard to a retaliation claim and agree that the retaliation claims by Plaintiff Marquart brought pursuant to Title VII and the NMHRA may be dismissed. The claims will accordingly be dismissed.

      D.     Plaintiff Kathryn Hunter

Defendants urge that Plaintiff Hunter failed to exhaust her administrative remedies as to her NHMRA and Title VII claims against Defendants Burgers and Levine. Plaintiffs concede this and state that Plaintiff Hunter is not pursuing any claims against Defendants Levine and

Burgers. Therefore, Defendants are entitled to dismissal of any Title VII or NMHRA claims asserted by Plaintiff Hunter against Defendants Levine[4] and Burgers.

    E.    <u>Plaintiff Robert Haddock</u>

Defendants state that they are entitled to dismissal of any Title VII or NMHRA claims asserted by Plaintiff Haddock against Defendants Levine and Burgers because Plaintiff Haddock failed to exhaust administrative remedies with regard to any such claims. Plaintiffs concede that no claims against Defendants Levine and Burgers were exhausted by Plaintiff Haddock. Therefore, Defendants are entitled to dismissal of any Title VII or NMHRA claims asserted by Plaintiff Haddock against Defendants Levine[5] and Burgers.

Defendants also assert that Plaintiff Haddock failed to exhaust administrative remedies with regard to any NMHRA claims because he did not filed a timely complaint with the NMHRD. Plaintiffs concede that Plaintiff Haddock's EEOC charges were not timely filed with regard to his claims under the NMHRA. Therefore, Defendants are entitled to dismissal of all Plaintiff Haddock's claims brought pursuant to the NMHRA.

II.    ARE DEFENDANTS ENTITLED TO DISMISSAL OF ALL CLAIMS ASSERTED AGAINST INDIVIDUALS PURSUANT TO TITLE VII AND PURSUANT TO THE NEW MEXICO TORT OF RETALIATORY DISCHARGE BECAUSE THESE DO NOT PROVIDE FOR INDIVIDUAL LIABILITY?

Defendants contend that they are entitled to dismissal of all claims brought against individual defendants pursuant to Title VII and the New Mexico tort of retaliatory discharge because neither Title VII nor the tort of retaliatory discharge contemplate individual liability.

---

[4]See supra note 2.

[5]See supra note 2.

Plaintiffs agree with Defendants and state that the acts of the individuals impose liability on the Defendant employer but do not create individual liability. Therefore, Defendants are entitled to dismissal of all claims against individual defendants brought pursuant to Title VII and the New Mexico tort of retaliatory discharge.

III.    ARE DEFENDANTS ENTITLED TO DISMISSAL OF PLAINTIFFS' CLAIMS FOR CIVIL CONSPIRACY AND INTERFERENCE WITH BUSINESS ADVANTAGE BECAUSE THESE CLAIMS WERE INSUFFICIENTLY PLED?

Defendants argue that Plaintiffs' claims for civil conspiracy and interference with business advantage must be dismissed because Plaintiffs have failed to plead the basic elements of each of these claims. Defendants then proceed to cite to New Mexico cases that detail the elements of each claim that a plaintiff must prove in order to prevail or survive summary judgment with regard to each claim.

To state a claim under Fed. R. Civ. P. 8(a)(2), the plaintiff must offer a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). The Supreme Court has emphasized that the requirements at the pleading stage are de minimus. See Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002) (a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998) (the court must presume that the general allegations in the complaint encompass the specific facts necessary to support those allegations).

Based on the standard for notice pleading, the Court cannot say as a matter of law that Plaintiffs have failed to state a claim for civil conspiracy or interference with a business

10

advantage.  See e.g., Valles v. Silverman, -- P.3d --, 2004-NMCA-019, 2004 WL 345341 (N.M. App. 2004).  Therefore, Defendants are not entitled to dismissal of these claims.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Docket No. 20] is hereby GRANTED IN PART in that:

1. Plaintiff Roseann Williams' claims against Defendants Levine and Burgers under Title VII are hereby DISMISSED pursuant to Fed. R. Civ. P. 56.

2. Plaintiff Roseann Williams' claims against Defendants Levine and Burgers under the New Mexico Human Rights Act are hereby DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1).

3. Plaintiff Moira Daly's claims against Defendants Levine and Burgers under Title VII are hereby DISMISSED pursuant to Fed. R. Civ. P. 56.

4. Plaintiff Moira Daly's claims against Defendants Levine and Burgers under the New Mexico Human Rights Act are hereby DISMISSED pursuant to Fed. R. 12(b)(1).

5. Plaintiff Moira Daly's retaliation claims brought under Title VII are hereby DISMISSED pursuant to Fed. R. Civ. P. 56.

6. Plaintiff Moira Daly's retaliation claims brought under the New Mexico Human Rights Act are hereby DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1).

7. Plaintiff Maria Marquart's claims for retaliation under Title VII are hereby DISMISSED pursuant to Fed. R. Civ. P. 56.

8. Plaintiff Maria Marquart's claims for retaliation under the New Mexico Human Rights Act are hereby DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1).

9. Plaintiff Kathryn Hunter's claims against Defendants Levine and Burgers under Title VII are hereby DISMISSED pursuant to Fed. R. Civ. P. 56.

10. Plaintiff Kathryn Hunter's claims against Defendants Levine and Burgers under the New Mexico Human Rights Act are hereby DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1).

11. Plaintiff Robert Haddock's claims against Defendants Levine and Burgers brought under Title VII are hereby DISMISSED pursuant to Fed. R. Civ. P. 56.

12. Plaintiff Robert Haddock's claims against Defendants Levine and Burgers brought under the New Mexico Human Rights Act are hereby DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1).

13. Plaintiff Robert Haddock's claims brought pursuant to the New Mexico Human Rights Act are hereby DISMISSED with regard to all Defendants pursuant to Fed. R. 12(b)(1).

14. Plaintiffs' claims brought pursuant to Title VII are hereby DISMISSED with regard to the individual Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

15. Plaintiffs' claims brought pursuant to the New Mexico tort of retaliatory discharge are hereby DISMISSED with regard to the individual Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [Docket No. 20] is hereby DENIED IN PART with regard to their requests for relief not specifically granted in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE