# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROSANN WILLIAMS, et al.,

    Plaintiffs,

v.                                                      Civil No. 03-1195 WJ/ACT

W.D. SPORTS N.M., INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S COST BILL

THIS MATTER comes before the Court pursuant to Plaintiff's Itemized Cost Bill for Service on Tyler Boucher [Docket No. 50] and Defendant Boucher's Objection to Plaintiff's Cost Bill [Docket No. 51]. By Memorandum Opinion and Order filed February 25, 2004 [Docket No. 47], this Court found that Defendant Boucher attempted to evade service, and in doing so unnecessarily increased the time and expense to effect proper service and obtain his participation in this case. The Court ordered Defendant Boucher to pay the costs incurred by Plaintiff in effecting service on him.

Plaintiff submitted a cost bill to the Court that included the costs and attorneys' fees incurred in effecting service on Defendant Boucher and in pursuing the motion for default judgment against Defendant Boucher. Defendant objects to Plaintiff's cost bill arguing that there is no basis upon which Plaintiff may recover attorneys' fees.

Much of the responsibility for the confusion over what Plaintiff is entitled to recover rests with the Court. While the Memorandum Opinion and Order ordered Defendant Boucher to pay costs, the title of the Memorandum Opinion and Order stated that it included an order for Defendant Boucher to pay costs and fees. See Docket No. 47. The Court will now clarify that it originally intended that Defendant Boucher be responsible for fees and costs in accordance with Fed. R. Civ. P. 4(d)(5) and Plaintiff's request citing to Rule 4(d)(5).

Defendant's objection to Plaintiff's itemized cost bill argues that Fed. R. Civ. P. 4(d)(5) cannot support an award of fees and costs in this case. Defendant is correct that his conduct in evading service is not covered by Fed. R. Civ. P. 4(d)(5) which only applies to a defendant's refusal to waive service under Rule 4(d)(2) after actually receiving a request to waive service. Because Defendant Boucher never received the request to waive service, albeit by active avoidance, he is not subject to costs and fees under Rule 4(d)(5).

This Court has the inherent power to manage it proceedings and control the conduct of those who appear in front of it. Chambers v. Nasco, Inc., 501 U.S. 32, 44 (1991). In order to impose attorneys' fees under its inherent powers, a court must find that a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 259 (1975). A court's inherent powers, because of their potency, must be exercised with caution and restraint. Chambers, 501 U.S. at 45-46. Moreover, a court must comply with the mandates of due process both in determining that the requisite bad faith exists and in assessing the fees. Chambers, 501 U.S. at 50.

The Court's Memorandum Opinion and Order filed February 25, 2004 [Docket No. 47] sharply criticizes Defendant Boucher's conduct, and the Court specifically found that Defendant

Boucher had attempted to evade service. However, the Court never expressly made a finding that Defendant Boucher acted in bad faith, vexatiously, wantonly, or for oppressive reasons. While I believe Defendant Boucher did act in bad faith, I also believe it is too late to make that finding to support an award of fees. Defendant Boucher was entitled to notice that this Court was contemplating using its inherent powers to award attorneys' fees, and was entitled to be heard on the specific issue whether his behavior was in bad faith.

The Court notes that the conduct for which a person can be made to pay costs and fees under Fed. R. Civ. P. 4(d)(5) is less culpable than the conduct this Court has found Defendant Boucher to have engaged in. A person who refuses to waive service is at least engaging in somewhat forthright behavior. Conversely, Mr. Boucher attempted to evade service through gamesmanship with process servers. This Court concluded that a default judgment against Mr. Boucher in favor of Plaintiffs, in spite of Mr. Boucher's failure to answer or otherwise defend in the case after he was properly served, was too severe a sanction for his misconduct and would not serve the ends of justice. See Docket No. 47. It is equally unjust that Mr. Boucher should be subject to a lighter sanction for his willful conduct in evading service than the costs he would have incurred had he squarely and openly refused to waive service. Nonetheless, the Court concludes that it cannot award fees under Fed. R. Civ. P. 4(d)(5) because Defendant Boucher did not actually receive the waiver of service, and it cannot award fees under its inherent powers because Defendant Boucher did not have sufficient notice and opportunity to be heard on the specific issues relevant to such an award. The Court will, however, award the costs because costs were expressly ordered in the Memorandum Opinion and Order filed February 25, 2004 [Docket No. 47] and because Defendant does not object to these costs.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff is hereby awarded costs in the amount of $188.81 pursuant to Plaintiff's Itemized Cost Bill for Service on Tyler Boucher [Docket No. 50].

_____
UNITED STATES DISTRICT JUDGE