IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSANN WILLIAMS, et al.,

    Plaintiffs,

v.                                                        Civil No. 03-1195 WJ/ACT

W.D. SPORTS N.M., INC., et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
MOTION IN LIMINE REGARDING TESTIMONY OF
LINDA WINTER AND NANCY DAVIDSON**

THIS MATTER comes before the Court following a hearing on the following motions: Defendants' Motion in Limine to Exclude the Testimony of Nancy Davidson, filed October 21, 2004 (**Doc. 161**), and Defendants' Motion in Limine to Exclude the Testimony of Linda Winter, filed October 21, 2004 (**Doc. 163**). Plaintiffs have identified these individuals as experts who will testify that Plaintiffs suffer from post-traumatic stress disorder ("PTSD") resulting from emotional and sexual harassment which occurred while they worked for Defendants.[1] The Court heard oral argument by counsel on all issues on which findings are made herein amd Ms. Winter testified at the hearing. Dr. Davidson was unavailable to testify, but I find Ms. Winter's testimony relevant to the discipline and methodology applied by Dr. Davidson.

**Discussion**

Defendants object to the testimony of Ms. Winter and Dr. Davidson on three grounds: (1)

---

[1] Plaintiffs Daly and Hunter offer Ms. Winter as their expert. Dr. Davidson is the expert for Plaintiff Williams' case.

Ms. Winter and Dr. Davidson impermissibly assumed dual roles as treating physician and expert witness; (2) the data and criteria used for their reports was invalid under Daubert; and (3) a diagnosis of PTSD is precluded by the language of DSM-IV-R criteria for PTSD.

**Legal Standard**

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court explained that Rule 702 assigns to the district judge a gatekeeping role to ensure that scientific testimony is both reliable and relevant. Daubert, 509 U.S. at 597; Mitchell v. Gencorp, Inc., 165 F.3d 778, 780 (10th Cir.1999). The district judge must, first, determine whether the proffered testimony is reliable, requiring an assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and, second, determine whether that reasoning or methodology can be properly applied to the facts in issue. Daubert, 509 U.S. at 592-93. The Daubert Court listed four factors relevant to assessing reliability: (1) whether the theory has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error associated with the theory; and (4) whether the theory has attained widespread or general acceptance. Id. at 592-94. In Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), the Court emphasized that these four factors are not a "definitive checklist or test" and a court's inquiry into reliability must be "tied to the facts of a particular case." Id. at 150. Instead, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Id. at 152, cited in, Burton v. R.J. Reynolds Tobacco Co. 183 F.Supp.2d 1308, 1311-12 (D.Kan.,2002). A plaintiff need not prove that their experts are undisputably correct or that the expert's theory is "generally accepted" in the scientific community. Instead, the plaintiff must show that the method employed

by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements. Bitler vs. A.O. Smith Corp., 391 F.3d 1114, 1120 (10th Cir. 2004). Defendants do not dispute either the qualifications of these experts, or the relevance of the material offered in their opinions.

A.     Dual Role Conflict

This contention can be dispensed with summarily. Defendants fail to adequately provide the court with evidence of a standard or professional rule which would prevent Ms. Winter or Dr. Davidson from offering opinions because they were also Plaintiffs' treating therapists. Moreover, the Court is not aware of any standard or professional rule precluding Ms. Winter and Dr. Davidson from offering opinions because they are Plaintiffs' treating therapists.

B.     Criteria as Basis for Opinions

Defendants next argue that the data used by Ms. Winter and Dr. Davidson to form their opinions do not meet the Daubert standard of reliability. They contend that both experts relied on solely anecdotal information supplied by the Plaintiffs, and that neither expert corroborated, or attempted to corroborate, any of the information given. The Court is persuaded, after listening to counsel's arguments and Ms. Winter's testimony regarding the diagnostic and therapeutic process she uses in her work, that these experts' opinions meet the minimum reliability threshold for admission under Daubert. The problem with Defendants' argument is that they have ignored differences in methodology used in otherwise sound psychological disciplines. In other words, they overlook the fact that psychologists trained in different psychological disciplines may arrive at their opinions and conclusions by using methodologies which may differ from discipline to discipline (e.g., forensic psychology as compared to clinical psychology), but are nevertheless

based on criteria which are considered scientifically sound.

I disagree with Defendants' contentions that the opinions of Ms. Winter and Dr. Davidson lack a basis of sufficient facts and data. Although neither expert administered or relied on standardized or multiple-choice tests from which to obtain data and information about their clients, both experts relied on other criteria from which to draw their conclusions and form their opinions, such as: behavioral manifestations; body language; affect; data and information from what Plaintiffs/clients relayed in their interviews, and whether this information was consistent from session to session; and, in Ms. Daly's case, corroboration by her parents as family witnesses. The purpose of the Court's gatekeeping function is to ensure that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire, 526 U.S. at 152. I find that both Ms. Winter and Dr. Davidson used an approach and methodology in forming their opinions which met this level. Thus, this aspect of Defendants' argument is rejected.

a.  DSM-IV Criteria

Defendants also contend that the methodology employed by Ms. Winter and Dr. Davidson are not subject to peer review because these experts created their own criteria as a basis for diagnosing PTSD in Plaintiffs. According to Defendants, they departed from the recognized DSM-IV-R ("DSM") criteria for that disorder, and failed to rely on recognized literature or other standard in the field regarding PTSD. The crux of Defendants' argument is that a diagnosis of PTSD under the widely accepted DSM standard includes as criteria, an occurrence or threat of physical injury, and that a diagnosis of PTSD is precluded for these Plaintiffs because none of them experienced a physical injury, or threat of physical injury as a result of workplace

harassment.  After reviewing the DSM criteria and considering testimony and argument presented by counsel and the witness, I find Defendants' gloss of the DSM-IV criteria to be overly rigid and narrow, and insufficient to raise a question regarding the soundness of the opinions of either expert.  In essence, Defendants' argument that Plaitiffs' experts failed to adhere to certain DSM-IV criteria goes to the weight to be given these expert opinions, not their admissibility under Daubert and Kumho Tire.  Accordingly, I find that the methodology employed by both Ms. Winter and Dr. Davidson to be scientifically sound under standards set out under Daubert and Kumho Tire, and that both experts' opinions are based on facts and information which sufficiently satisfy Rule 702's reliability requirements

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion in Limine to Exclude the Testimony of Nancy Davidson (**Doc. 161**), and Defendants' Motion in Limine to Exclude the Testimony of Linda Winter (**Doc. 163**) are hereby DENIED for reasons described above.

_____
UNITED STATES DISTRICT JUDGE