IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSANN WILLIAMS, KATHRYN HUNTER,
MOIRA DALY, ROBERT HADDOCK,
and MARIA MARQUART,

    Plaintiffs,

v.                                      No. CIV 03-1195 WPJ/ACT

W.D. SPORTS N.M., INC., d/b/a NEW MEXICO
SCORPIONS, a New Mexico company with its
principal place of business in Albuquerque, New
Mexico, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' RENEWED MOTION FOR SEPARATE TRIALS**

THIS MATTER comes before the Court pursuant to Defendants' Renewed Motion for Separate Trials [Docket No. 185]. Having reviewed the submissions of the parties and being fully advised on the law, I find the motion is well taken in part and will be granted in part but will otherwise be denied for the reasons stated in this opinion.

The Federal Rules of Civil Procedure provide that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). The two prerequisites for proper joinder, then, are that (1) the claimants' right to relief arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) there is some common question of law or fact among all claimants. See Alexander v. Fulton Count, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000); Sheets v.

CTS Wireless Components, Inc., 213 F.Supp.2d 1279, 1286 (D.N.M. 2002) (Black, J.). Under the Federal Rules of Civil Procedure, the joinder of claims and parties is strongly encouraged, and the courts should entertain the broadest possible scope of action consistent with fairness to the parties. Alexander, 207 F.3d at 1323.

Plaintiff Robert Haddock's claims all allege discrimination on the basis of race. All of the other Plaintiffs allege claims of discrimination on the basis of gender. While Haddock's claims arose during the same hockey season as the claims of the other Plaintiffs and involved the many of the same Defendants, they are so distinct in nature from the claims of the other Plaintiffs that they cannot be seen to have arisen from the same series of transactions or occurrences. See Johnson v. Indopco, Inc., 846 F.Supp. 670, 676 (N.D. Ill. 1994) (severing a plaintiff's race discrimination claims from another plaintiff's race and gender discrimination claims). Thus, Plaintiff Haddock's claims are not properly joined with those of the other Plaintiffs. Plaintiff Haddock's claims will be tried separately from those of the other Plaintiffs, and Defendants' Renewed Motion for Separate Trials will be granted to the extent Defendants seek a separate trial of Haddock's claims.[1]

All of the female Plaintiffs in this action allege gender discrimination by the same employer and individuals during the same relatively short time frame. I conclude that these Plaintiffs' claims arise out of the same series of transactions or occurrences. Plaintiffs Hunter, Williams and Marquart all have hostile work environment claims that share common questions of law and fact. While Plaintiff Daly's claims no longer include a hostile work environment claim, at least some of

---

[1] In response to Defendants' Renewed Motion for Separate Trials (Doc. 199), Plaintiffs contend that Haddock's claims arise "from the same nucleus of operative fact" in that Haddock suffered abuse from the same Defendants during the same hockey season, but concede that Haddock's claims are legally distinct. Plaintiffs then leave it to the Court's discretion whether to try Haddock's claims separately.

the questions of fact relevant to her sexual harassment claim and those relevant to the other female Plaintiffs' claims are common questions of fact.  Therefore, the claims of the four female plaintiffs are properly joined pursuant to Fed. R. Civ. P. 20(a).

Even when claims and parties are properly joined, the Federal Rules of Civil Procedure allow a Court to order the separate trial of any claim or any separate issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy . . .." Fed. R. Civ. P. 42(b).  Ordering separate trials is an abuse of discretion when issues are not separable.  Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993).  In determining whether to order separate trials under Rule 42(b), the Court must balance considerations of convenience, economy, expedition and prejudice.  Alexander, 207 F.3d at 1325; cf. Angelo, 11 F.3d at 964-65.

The claims of Plaintiffs Hunter, Williams and Marquart all allege a pattern and practice of gender discrimination in the same workplace.  These claims overlap and intertwine in such a manner as to render them nearly inseparable.  Trial of the claims of all four female Plaintiffs will involve the same attorneys, the same witnesses and much of the same documentary evidence.  All of these considerations weigh heavily in favor of trying all these claims together.  While the Defendants may sustain minimal prejudice from the joint trial of the four female Plaintiffs' claims, this does not outweigh "the policy goals of permissive joinder which promotes trial convenience and expedites the resolution of lawsuits." Disparte v. Corporate Executive Bd., 223 F.R.D. 7, 16 (D.D.C. 2004).  Accordingly, Defendants' Renewed Motion for Separate Trials will be denied to the extent it seeks a separate trial for each of the female Plaintiffs.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Renewed Motion for Separate Trials [Docket No. 185] is hereby GRANTED IN PART and the claims of Plaintiff Robert Haddock will be tried separately from those of the other Plaintiffs.

IT IS FURTHER ORDERED that Defendants' Renewed Motion for Separate Trials [Docket No. 185] is hereby DENIED IN PART and the claims of Plaintiffs Williams, Hunter, Marquart and Daly will be tried jointly.

_____
UNITED STATES DISTRICT JUDGE