IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSANN WILLIAMS, KATHRYN HUNTER,
MOIRA DALY, ROBERT HADDOCK,
and MARIA MARQUART,

      Plaintiffs,

v.                                              No. CIV 03-1195 WPJ/ACT

W.D. SPORTS N.M., INC., d/b/a NEW MEXICO
SCORPIONS, a New Mexico company with its
principal place of business in Albuquerque, New
Mexico, WILLIAM DOUGLAS FRANK,
PATRICK J. DUNN, TYLER BOUCHER,
and DAN BURGERS,

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on an Order of Reference from the trial judge, District Court Judge William Johnson, directing this Court to hear and make recommendations on two outstanding Motions, Defendant W.D. Sports N.M. Inc.'s Motion to Quash a Subpoena and Defendant William Douglas Frank's Motion to Quash a Subpoena.  (Doc. Nos. 223, 215 and 214).  The Court held a hearing on Wednesday, February 23, 2005 at 9:30 AM at which both Plaintiffs' and Defendants' attorney were present and presented oral arguments regarding these motions.  Having reviewed the pleadings, the arguments presented by the parties, and the relevant law, the Court recommends that both Motions to Quash Subpoenas be GRANTED.

Plaintiffs served Defendant W.D. Sports N.M., Inc., and Defendant William Douglas Frank with subpoenas *duces tecum* under Fed. R. Civ. P. 45(a) directing these two parties to appear at trial with various documents.  The requested documents included corporate financial records, writings from a certain individual, the team's paycheck records for two years, compensation records paid to a certain individual, the seating chart for the arena for one season and unemployment records.  Defendants objected to the subpoenas *duces tecum* and moved to quash.

The discovery of documents from a party, as opposed to from a non-party, is not accomplished through subpoenas issued under Fed. R. Civ. P. 45.  The proper method of obtaining documents from parties is through a Request for Production under Fed. R. Civ. P. 34. *Hasbro v. Serafino*, 168 F.R.D. 99 (D. Mass. 1996).

Discovery in this case was  governed by the Scheduling and Pre-Trial Orders which set limits on the amount of Requests for Production and other types of discovery and imposed a deadline by which the parties were to conclude discovery.  (Doc. Nos. 28, 41 and 46). The discovery deadline was extended to July 8, 2004, and then July 19, 2004, by the Court to accommodate special circumstances in this case. (Doc. Nos. 99 and 131).  The discovery deadline has long passed.

Plaintiffs moved at one point for additional discovery and the Court ruled on their request, granting the Plaintiffs additional discovery directed at two individuals.  (Doc. Nos. 58, 86 and 87). The Plaintiffs did not file objections to that portion of the Order.

 The Court is treating these subpoenas *duces tecum* as discovery requests under Fed. R. Civ. P. 34 because they are directed at two parties in this lawsuit.  Plaintiffs may not circumvent

2

either the limits of discovery or the discovery deadline by the use of trial subpoenas *duces tecum* directed at parties.  *See, Alper v. United States*, 190 F. R. D. 281 (D. Mass. 2000).  Therefore, because the Plaintiffs had not requested these additional Requests for Production and because the deadline for discovery has passed, the Court finds that these two subpoenas *duces tecum* are improper discovery requests and are not in compliance with the Court's orders concerning discovery.

However, in reviewing the discovery motions, the transcripts of the discovery hearings, and the Court's Orders, the Court noticed that at one time counsel for the Plaintiffs asked the Court, prior to the deadline for discovery, for guidance on when they might be allowed to conduct discovery on the financial net worth of the Defendants in the event a punitive damages instruction was given to the jury.  The Court had ruled that at that stage of the litigation this discovery was premature.  Plaintiffs did not pursue the matter, file objections to any of the Court's ruling, or bring the failure to address this issue to this Court's attention or to the attention of the trial judge.  Although this failure could be properly laid at the door step of counsel for the Plaintiffs, this Court acknowledges that it failed to specifically address the request from Plaintiffs' counsel requesting guidance on how to proceed with discovery related to the Plaintiffs' claim for punitive damages.

Therefore, this Court would recommend, in fairness to Plaintiffs' counsel, that the Defendants be ordered to be prepared during trial to present to the Plaintiffs financial statements indicating their net worth in the event the trial judge decides to submit the issue of punitive damages to the jury.

## RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that the Defendants' Motions to Quash these two Subpoenas *duces tecum* be GRANTED. It is further recommended that the Defendants be ordered to be prepared, during trial, to present financial statements to the Plaintiffs indicating their net worth in the event that the Court decides to submit the issue of punitive damages to the jury.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE