**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROSANN WILLIAMS, KATHRYN HUNTER, MOIRA DALY, ROBERT HADDOCK, and MARIA MARQUART,

Plaintiffs,

v. No. CIV 03-1195 WPJ/ACT

W.D. SPORTS N.M., INC., d/b/a NEW MEXICO SCORPIONS, a New Mexico company with its principal place of business in Albuquerque, New Mexico, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' APPEAL OF ORDER SETTLING COSTS AND PLAINTIFFS' APPEAL OF CLERK'S ORDER OR COSTS**

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss Plaintiffs' Untimely Appeal of Clerk's Order Settling Costs [Docket No. 317] and Plaintiffs' Appeal of Clerk's Order of Costs [Docket No. 316]. Having reviewed the submissions of the parties and the applicable law, I find that Defendants' motion is well taken in that Plaintiffs' appeal is untimely and there is no excusable neglect for the untimeliness. However, the Court exercises its discretion to consider the untimely appeal and affirms the Clerk's Order of Costs for the reasons stated in this Memorandum Opinion and Order.

I. TIMELINESS OF PLAINTIFFS' APPEAL

Federal Rule of Civil Procedure 54(d)(1) provides that costs may be taxed by the clerk, and, on motion served within 5 days thereafter, the action of the clerk may be reviewed by the court. If a party fails to request review of a clerk's award of costs within the five day time period allowed under Rule 54(d)(1), that party has waived the right to judicial review. Bloomer v. United Parcel Service, Inc., 337 F.3d 1220 (10th Cir. 2003).

On Thursday June 2, 2005, the Clerk's Order Settling Costs [Docket No. 315] was entered in this case. Any motion to review the action of the clerk was timely if it was served no later than Thursday June 9, 2005. Plaintiffs filed their appeal of the Clerk's order of costs on Monday, June 13, 2005.

Plaintiffs assert that Plaintiffs' counsel was not served with the clerk's order until Friday June 3, 2005, and that the 5 day time period for the filing of the appeal did not begin to run until Plaintiffs' counsel was served. Thus, according to Plaintiffs, the appeal was timely if filed on Friday June 10, 2005, and the filing on Monday, June 13 was only one day late.

The Third Circuit determined in In re Paoli Railroad Yard PCB Litigation, 221 F.3d 449, 459 (3rd Cir. 2000), that the five day period for appealing a clerk's order of costs begins to run from the date of the clerk's action and not from the date a party receives notice of the clerk's action. The court made this determination based on the plain language of Fed. R. Civ. P. 54(d)(1). I find the reasoning of the Third Circuit persuasive and further find that the five days for filing an appeal of the clerk's order of costs in this case began to run on June 2, 2005, and that a timely appeal would have to have been filed no later than Thursday June 9, 2005. Accordingly, Plaintiffs' appeal filed on Monday June 13, 2005 was not timely.

The timeliness of an appeal of a clerk's order is not jurisdictional. Soberay Mach. & Equip. Co. v. MFR Ltd., Inc., 181 F.3d 759, 770 (6th Cir. 1999). While a court is not obliged to review an order settling costs when a motion to review is not timely filed, a district court may exercise its discretion and review the order on an untimely appeal when the failure to file a timely appeal is the result of excusable neglect, Id., when it appears that a delay in notice may have affected a party's right to receive review, In re Paoli R.R. Yard PCB Litig., 221 F.3d at 459, or when it appears that the order taxing costs may constitute an abuse of the court's discretion. Soberay Mach. & Equip. Co., 181 F.3d at 770.

Plaintiffs urge that the untimeliness of their appeal should be excused because attorney Kathryn Hammel was on vacation at the time the clerk's order was entered, and there was nobody at her office to receive the fax notice of the clerk's order. Plaintiffs argument is without merit, and Ms. Hammel's vacation does not amount to excusable neglect. Plaintiffs were represented by Ms. Hammel and attorney Maureen Sanders. Ms. Sanders was not on vacation at the time the clerk's order settling costs was filed, so there was no reason one of Plaintiffs' lawyers could not have timely filed an appeal of the clerk's order settling costs or conferred with opposing counsel to arrange for an extension of the deadline for filing an appeal. Additionally, Ms. Hammel's decision to completely close her office during her vacation rather than have someone occasionally checking incoming faxes, mail, and phone calls does not qualify as excusable neglect.

In Plaintiffs' Response to the Motion to Dismiss Appeal of Clerk's Order of Costs [Docket No. 318], Ms. Hammel states: "Counsel is a solo practitioner who has the primary responsibility for this case. It is important for counsel, perhaps especially for solo practitioners, to take a vacation now and again." The Court agrees that solo practitioners should be entitled to

take a vacation as well as lawyers who practice in a firm and even judges for that matter. What the Court does not agree with is the notion that an attorney who chooses to practice as a solo practitioner is entitled to special consideration on a missed deadline because she went on a vacation and completely shut down her office.

In Soberay Mach. & Equip. Co., the Sixth Circuit addressed the merits of a petitioner's appeal of a clerk's order settling costs in spite of the untimeliness of the request for review because the Sixth Circuit found that the district court had abused its discretion in taxing costs. 181 F.3d at 770. I find that Plaintiffs have raised issues in their appeal of the clerk's order of costs that could result in a determination that failure to consider Plaintiffs' appeal could be an abuse of the court's discretion. Therefore, I will exercise my discretion and review the Clerk's Order Settling Costs in spite of my conclusion that Plaintiffs' appeal of the order was not timely filed. Accordingly, Defendants' motion to dismiss Plaintiffs' appeal is denied.

## II. REVIEW OF THE CLERK'S ORDER SETTLING COSTS

Plaintiffs raise several issues in their appeal of the clerk's order settling costs. First, Plaintiffs urge that the taxing of certain costs such as the costs of service of process and deposition costs are not authorized by the local rules of the District of New Mexico. Second, Plaintiffs contend that costs should be allocated among the four remaining Plaintiffs rather than be assessed as a joint and several liability of all the Plaintiffs, and that these costs should not include any costs related to Plaintiff Robert Haddock. Third, Plaintiffs ask the Court to consider the Plaintiffs' lack of ability to pay the costs and make an equitable reduction in the costs. Finally, Plaintiffs ask the Court to defer ruling on costs or defer collection until the Plaintiffs' appeal of the merits of the case is resolved.

      A. Deposition Costs and Costs of Service of Process

Plaintiffs urge that Defendants costs for service of process should not be taxed because Defendants paid "rush" penalties for service and because Defendants violated Fed. R. Civ. P. 45 by failing to copy trial subpoenas to Plaintiffs' counsel. "Private process server fees are taxable so long as those costs do not exceed what the U.S. Marshal would have charged for the task and so long as the charged tasks are those which marshals are authorized to perform." Clerk's Order Settling Costs, Docket No. 315 p. 3 (citing Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996)). The Clerk's Order Settling Costs determined that Defendants' requested costs for service of process fell within the allowable amount with the exception of sales tax. The fact that Defendants may have been able to obtain less expensive services is not a reason to disallow costs that were within the allowable range. Plaintiffs' argument that Defendants violated Fed. R. Civ. P. 45, and that their costs for service of process should be disallowed as a sanction is without merit. The Court is unaware of any requirement in Rule 45 that a copy of a subpoena commanding the attendance of a witness at a trial must be served on the opposing party.[1] Even if there were such a requirement, the Court would not sanction Defendants' failure to serve copies of trial subpoenas on Plaintiffs' counsel because Defendants made initial disclosures that included potential witnesses and filed a witness list for trial that provided Plaintiffs with sufficient notice of the witnesses Defendants intended to call at trial. The costs taxed by the Clerk for service of process are proper and will not be disturbed by the Court.

[1]Fed. R. Civ. P. 45(b)(1) does state that "[p]rior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." However, there is no mention in the rule of service on parties for trial subpoenas or subpoenas that do not involve the production of documents and things or inspection of premises.

Plaintiffs argue that the costs of depositions should not have been taxed because the Clerk did not find that the depositions were admitted into evidence or used at trial for impeachment purposes. The District of New Mexico local rules, similar to 28 U.S.C. § 1920, permit the taxing of deposition costs when the deposition is reasonably necessary to the litigation. D.N.M.LR-Civ. 54.2(b)(1). The local rules state that a deposition is "reasonably necessary to the litigation" when (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes (B) the deposition is used by the Court in ruling on a motion for summary judgment; or (C) the Court so determines.

The Clerk's Order Settling Costs deemed the depositions reasonably necessary to this litigation because they were used for trial and cross-examination preparation, Defendants could have reasonably believed at the time the deposition were taken that they were necessary to the litigation, that all persons whose deposition costs were taxed testified at trial, and because the complexity of the case made the decision to take the depositions reasonable. The Clerk's reasons for allowing the costs of these depositions departed from those reasons enumerated in the local rule, and may have been outside the ministerial function of the clerk's office in taxing costs. However, the Court has the discretion to allow the costs of depositions even when a substantial portion of the depositions are not admitted into evidence or used at trial for impeachment purposes. D.N.M.LR-Civ. 54.2(b)(2)(C); D.N.M.LR-Civ. 1.7.

In this case, Plaintiffs initially brought a total of twenty-six counts against six defendants.[2] On summary judgment, the Court disposed of half of the claims in their entirety, dismissed out one of the defendants, and narrowed all but one of the remaining claims with regard to the Plaintiffs bringing the claims and the defendants answering the claims.[3]  Most of the depositions at issue in the Clerk's Order Settling Costs were used extensively by the Court in ruling on summary judgment motions, and the trial of this case would have been completely unmanageable without the summary judgment rulings.  The depositions at issue were used extensively by the parties for trial preparation including preparation for cross-examination.  The Court concludes, in accordance with D.N.M.LR-Civ. 54.2(b)(2)(C), that the depositions were reasonably necessary to the litigation and therefore affirm the Clerk's award of costs with regard to these depositions.

B.    Allocation of Costs Among the Plaintiffs

Plaintiffs contend that the Clerk's award of costs is silent on the issue of allocation, and that costs should not be entered jointly and severally.  The Clerk's Order Settling Costs clearly taxed the total costs against Plaintiffs Williams, Hunter, Daly and Marquart.  Costs are, as a general rule, taxed jointly and severally.  Anderson v. Griffin, 397 F.3d 515, 522-23 (7th Cir. 2005); Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 497 (8th Cir. 2002); In re Paoli

---

[2]Some of the twenty-six counts were brought by a single Plaintiff and others were brought by several or all of the Plaintiffs.  Some of the twenty-six counts named only a single Defendant and others named several or all of the Defendants.  In sum, there were a total of 448 claims brought in the initial Complaint.

[3]Count II is the only claim after summary judgment that remained fully intact.  This claim was initially brought by Plaintiff Haddock against Defendant W.D. Sports.  An example of a claim that survived summary judgment but was narrowed is Count VI which was initially brought by Plaintiffs Williams, Daly, Hunter and Marquart against W.D. Sports.  Following motions for summary judgment, only the claims of Hunter and Marquart proceeded.

R.R. Yard PCB Litig., 221 F.3d at 469. The Court, in its equitable discretion, may apportion costs among the losing parties. In re Paoli R.R. Yard PCB Litig., 221 F.3d at 469. The burden is on the losing party to introduce evidence to persuade the Court to apportion damages, and absent a proper showing, the default rule that costs are imposed jointly and severally is applied. Id.

In In re Paoli R.R. Yard PCB Litig., the Third Circuit determined that the district court had abused its discretion in refusing to allocate costs in a toxic tort case between a group of plaintiffs who brought personal injury claims and a group of plaintiffs who brought only property damage claims. 221 F.3d at 470-71. The Third Circuit saw these two classes of claims as very distinct with a huge disparity in the costs incurred in defending against the claims. Id. Additionally, the court noted that the costs expended in defending personal injury claims were easily separated from the costs associated with the property damage claims. Id. Finally, the Court noted that each of the plaintiffs in that case had filed a separate complaint, and the Court had consolidated the cases only for efficiency's sake. Id.

In this case, all Plaintiffs joined their claims in a single case and fought vehemently against the Defendants' attempts to sever the claims of each Plaintiff. Additionally, the nature of the claims of all of the Plaintiffs were such that there was identity of discovery efforts, and disaggregation of costs would be nearly impossible in this case. Plaintiffs have offered no sufficient reason for allocating costs among the Plaintiffs. Accordingly, the award of costs shall remain against Plaintiffs Marquart, Daly, Hunter and Williams jointly and severally.

C. Plaintiffs' Inability to Pay Costs

Plaintiffs ask the Court to reconsider the cost award in light of the Plaintiffs' inability to pay. Defendants note that Plaintiffs did not raise this issue in objecting to Defendants' initial cost

bill and urge that Plaintiffs may not raise this issue for the first time on review of the Clerk's Order Settling Costs.  Additionally, Defendants argue that Plaintiffs have offered no evidence in support of their contention that Plaintiffs are unable to pay costs and that Plaintiffs failed to cite to any federal law in support of their contention that the Court has authority to reduce costs based on their inability to pay.

The district court is charged with making a *de novo* review of a clerk's determination of costs.  In re Paoli R.R. Yard PCB Litig., 221 F.3d at 461.  Conducting a *de novo* review of a clerk's order settling costs properly involves the consideration of new evidence and circumstances.  Id. (citing Farmer v. Arabian Am Oil Co., 379 U.S. 227, 233 (1964)).  In Paoli, the court noted that the clerk's role in taxing costs is essentially ministerial, and the clerk lacks the discretion to consider certain equities in taxing costs.  221 F.3d at 461-62.  Accordingly, a party might decline to submit argument or evidence to the clerk that would require the exercise of equitable discretion.  Id.  In Paoli, the Court held that the district court had erred in concluding that it did not have the power in reviewing a clerk's order taxing costs to consider new evidence not presented for the clerk's consideration.  Id.  Therefore, the Court may consider Plaintiffs' argument that they are unable to pay costs in spite of the fact this argument was not made in response to the Defendants' initial cost bill.

A district court has broad discretion in awarding costs.  Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004).  Many circuits have recognized that the indigent status of a losing party is a circumstance that a district court may properly consider in the exercise of its discretion in awarding costs.  See Id.; In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 463 (3rd Cir. 2000); Cherry v. Champion Int'l Corp., 186 F.3d 442, 447 (4th Cir. 1999); Weeks v.

Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997); Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir. 1991). However, Rule 54 creates a presumption that costs will be awarded to the prevailing party, and the burden is on the losing party to overcome this presumption. Rodriguez, 360 F.3d at 1190. A district court's denial of a prevailing party's costs is in the nature of a severe penalty, and there must be some persuasive reason to penalize the prevailing party with a denial of its costs. Id.; AeroTech, Inc. v. Estes, 110 F.3d 1523, 1526-27 (10th Cir. 1997). Thus, even when a losing party cannot afford to pay costs, that party is not automatically exempted from the taxation of costs; the denial of a prevailing party's costs merely shifts the burden of the costs from the losing party, to whom the burden presumptively belongs, to the prevailing party who is entitled to a presumption that its costs will be recovered. See Paoli R.R. Yard PCB Litig., 221 F.3d at 464, 470 ("[T]here are only zero-sum gains in costs awards cases: Prevailing parties pay for every dollar that a costs award is reduced.")

Plaintiffs have provided insufficient evidence that they are, as a group, unable to pay the cost award in this case. Even if Plaintiffs had shown an inability to pay, there is no apparent or persuasive reason Defendants should be penalized by reducing the award of costs in this case. In weighing the equities, the Court notes that, in response to Defendants' motions for summary judgment, Plaintiffs consented to summary judgment on nine of Plaintiff Daly's sixteen remaining claims, ten of Plaintiff Hunter's nineteen remaining claims, ten of Plaintiff Marquart's nineteen remaining claims, and two of Plaintiff Williams' nineteen remaining claims.[4] Maintaining these

[4]The number of claims each of these Plaintiffs had remaining at the time of summary judgment is less than the number of claims each of them brought initially in the Complaint because several of the claims were dismissed with regard to particular Defendants prior to summary judgment.

claims through discovery and forcing Defendants to file motions for summary judgment with regard to these claims before consenting to their dismissal certainly increased the costs of this litigation for Defendants. Moreover, Plaintiffs are pursuing their appellate rights before the Tenth Circuit Court of Appeals and are incurring additional costs with Defendants likewise incurring additional costs. In the event Plaintiffs are successful on appeal and ultimately obtain some form of monetary judgment, there is no question in the Court's mind that Plaintiffs would be aggressively seeking to recover their costs from Defendants. Therefore, I decline to reduce the costs awarded in this case on the basis of Plaintiffs' indigence or inability to pay.

D. Plaintiffs' Request to Defer Ruling on Costs or Defer Collection

Plaintiffs request that this Court defer ruling on the costs or defer collection of the costs because they have filed an appeal before the Tenth Circuit Court of Appeals. Plaintiffs correctly note that the outcome of an appeal can change the result of a cost award. However, this is true in every case in which a non-prevailing party appeals the outcome on the merits. This is not a sufficient reason to defer ruling on costs or defer collection unless Plaintiffs wish to post an adequate surety bond. Since Plaintiffs have not attempted to post any form of surety bond, their request to defer ruling on costs or defer collection shall be denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiffs' Untimely Appeal of Clerk's Order Settling Costs [Docket No. 317] is hereby DENIED.

IT IS FURTHER ORDERED that, with regard to Plaintiffs' Appeal of Clerk's Order of Costs [Docket No. 316], the Clerk's Order Settling Costs [Docket No. 315] is hereby

AFFIRMED taxing costs against Plaintiffs Roseann Williams, Kathryn Hunter, Moira Daly[5] and Maria Marquart, jointly and severally, and in favor of Defendants in the amount of $10,798.56.

IT IS FINALLY ORDERED that Plaintiffs' Appeal of Clerk's Order of Costs [Docket No. 316], to the extent it seeks to defer ruling on costs or defer collection, is hereby DENIED.

UNITED STATES DISTRICT JUDGE

[5]Plaintiffs' Response to Motion to Dismiss Appeal of Clerk's Order of Costs makes a vague reference to Plaintiff Moira Daly seeking bankruptcy protection. See Docket No. 318, p. 3. As of the date of entry of this Memorandum Opinion and Order, no notice of bankruptcy has been filed and the Court is not aware of any Plaintiff filing bankruptcy.