UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSANN WILLIAMS,

    Plaintiff,

    v.                                                        CIV. NO. 03-1195 WJ/ACT

W.D. SPORTS N.M., INC., d/b/a NEW MEXICO
SCORPIONS, a New Mexico company with its
principal place of business in Albuquerque, New
Mexico,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel filed February 4, 2008 [Doc. 354]. Plaintiff is seeking an order from the Court compelling responses to specific discovery requests.. Upon review of Defendant's Response [Doc. 377] and other pertinent pleadings, the Court finds that Plaintiff's Motion is not well taken and will be denied.

Interrogatory No. 4 requests Defendant to identify all employees employed by Defendant for the calendar years 2001 and 2002 and their precise dates of employment. Plaintiff asserts she is seeking this information to determine if Plaintiff is subject to a compensatory and punitive damages cap under Title VII. Defendant asserts there is no actual dispute as to the damages cap because Defendant has stated it had fewer than 50 employees for each working day in 2002 and 2001 and does not claim to have fewer than 15 employees. Thus, Plaintiff is subject to the $50,000 cap under Title VII, 42 U.S.C. § 1981a. As there is no issue regarding the cap, the Court will not compel

Defendant to further respond to Interrogatory No. 4.

Request for Production No. 10 requests documents relating to the sale of Defendant's Hockey Team. Defendant produced an Asset Purchase Agreement, a Bill of Sale and Assumption of Liabilities, a December 21, 2005 Promissory Note, and a final tax return. Plaintiff asserts there are additional documents because "Defendant is due to receive certain interest payments beginning on April 30, 2007, which are receivables and 'assets,'" and that the former wife of Defendant's former owner "is to receive $650,000 from a note owed Defendant from Scorpion Hockey Club, LLC." Motion at 4. Defendant asserts there are no additional documents in response to this request. Defendant also raises a question as to whether this request is premature at this point. As Plaintiff has not shown there are additional documents in response to this request, the Court will deny Plaintiff' motion to compel.

Request for Production No 11 requests documents of any payments or disbursements made to any shareholder or corporate officer by Defendant from January of 2001 to the present. Defendant has provided Defendant's final tax return for 2005 and the tax returns for the years 2001, 2002, 2003, and 2004. Defendant asserts that these returns would show any shareholder payments and disbursements. Defendants also assert that these returns show that when the assets were sold in 2005, the bulk of the purchase price went first to payment for Defendant's outstanding liabilities and the remainder paying off only a small portion of Defendant's shareholder loan debt. Defendant also argues that this request is premature at this time. As Defendant has responded to this request, the Court will deny Plaintiff's motion to compel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel filed February 4, 2008 [Doc. 354] is denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**